**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

KEVIN RUSSELL                                                     PETITIONER

V.                                                      NO. 4:15-CV-00015-DMB-SAA

MARSHALL FISHER                                                  RESPONDENT

### MEMORANDUM OPINION

This matter is before the Court on the *pro se* petition of Kevin Russell for a writ of *habeas corpus* under 28 U.S.C. § 2241. Having reviewed the petition, the Court concludes that it must be dismissed for failure to state a claim upon which relief could be granted.

### I
### Facts and Procedural Posture

Russell alleges that various people have threatened and attacked him at the behest of Robert Sturdivant, a transportation officer at the Mississippi State Penitentiary. Doc. #1; Doc. #5 at 1. According to Russell, Sturdivant put a "hit" on him so that gang members would attack and kill him. Doc. #1; Doc. #5 at 1. He alleges that Sturdivant took these actions as a reprisal for Russell's cooperation with the American Civil Liberties Union in a prior case[1] which led to substantial improvements in the conditions of confinement at the Mississippi State Penitentiary. Doc. #1 at 2. Russell further alleges that he has been threatened and attacked multiple times since 2013 and that Sturdivant is ultimately responsible for the threats and violence against him. *Id.* As relief, Russell seeks removal from Mississippi Department of Corrections custody. *Id.* at 6.

---

[1] *See Presley v. Epps*, No. 4:05-cv-148-DAS, Doc. #121-1 (N.D. Miss. June 4, 2010).

## II
## Form of Relief

28 U.S.C. § 2241, one of the federal habeas statutes, is the proper remedy for challenging "the execution of [a] sentence." *U.S. v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). However, "habeas [relief] is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). "The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Applying this rule, courts have held that habeas relief, whether sought under § 2241, or 28 U.S.C. § 2254, is unavailable where a prisoner seeks to challenge only the conditions, including the location of, of his confinement. *See Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000) ("Prisoners who want to be confined in one state rather than another are not demanding immediate (or earlier) release and therefore … are not entitled to seek collateral relief under either § 2241 or § 2241.") (emphasis omitted); *see also Tolston v. Warden, Lincoln Parish Detention Ctr.*, Civ. Action No. 09-1673, 2009 WL 3834040, at *1 n.1 (W.D. La. Nov. 16, 2009) ("Since success on petitioner's conditions of confinement claim would not entitle him to accelerated release, he is not entitled to *habeas corpus* relief pursuant to either 28 U.S.C. § 2241 or § 2254."); *Minnfee v. Thaler*, No. 4:11-cv-791, 2011 WL 6097994, at *1 (N.D. Tex. Nov. 14, 2011) ("[P]etitioner's claims concern alleged safety issues, which are related to the conditions of his confinement. Thus, his claims are not cognizable in a § 2254 petition."). Rather, where a state prisoner challenges the conditions of his confinement, the proper vehicle for his action is 42 U.S.C. § 1983. *Cook*, 37 F.3d at 168; *Moran*, 218 F.3d at 650.

Here, as explained above, Russell seeks removal from the custody of the Mississippi Department of Corrections on the grounds that he is unsafe in such custody because Sturdivant has placed a "hit" on him.[2] In a separate action, United States District Judge David Bramlette concluded that such allegations could not be brought under § 2241. *Russell v. Epps*, No. 5:12-cv-136, 2012 WL 5930270, at *1 (S.D. Miss. Nov. 27, 2012). Specifically, Judge Bramlette held:

> Petitioner's allegations concern where he is housed to serve his sentence and that there has been a violation of his Eighth Amendment rights, i.e., being labeled a snitch and being subjected to physical assaults, which are conditions of his confinement. Petitioner submits no facts to establish that such a claim relates to his immediate or early release from custody. As relief, Petitioner is not seeking immediate or early release from custody, but is requesting that he be transferred to a medical facility in Springfield, Missouri, or to Arkansas or Michigan …. In short, Petitioner cannot maintain this habeas petition.

*Id*. (internal citations omitted) (citing *Pierre*, 522 F.2d at 935).

The Court concurs with Judge Bramlette's holding and concludes that § 2241 is an improper vehicle for Russell's requested relief in this action. Rather, such action must be brought as a civil rights action under 42 U.S.C. § 1983.[3] *Id*. at *2. Thus, this matter will be dismissed without prejudice. Accordingly, Russell's motion for clarification, Doc. #3, and his motion for hearing, Doc. #4, will be denied as moot.

---

[2] To the extent Russell seeks release rather than a transfer, the Court notes that such a claim would necessarily fail. *See Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979) ("Assuming … that his allegations of mistreatment demonstrate cruel and unusual punishment, the petitioner still would not be entitled to release from prison. The appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing him cruel and unusual punishment.").

[3] Russell is advised that any such action would implicate the "three strike" and exhaustion provisions of the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a); 42 U.S.C. § 1915(g). The Court notes that Russell's petition appears to admit that he has not exhausted his remedies. *See* Doc. #1 at 2 ("I am afraid to file any complaints …."). Likewise, it appears that Russell has three strikes under the PLRA. *See Russell v. Epps*, No. 5:12-cv-160, at Doc. #32 (S.D. Miss. Aug. 28, 2013) (noting Russell has three strikes). Under these circumstances, the Court declines to interpret Russell's petition as a § 1983 claim. *See Casro v. Martel*, No. CIV S-08-2390, 2010 WL 4880630, at *12 (E.D. Cal. Nov. 23, 2010) ("A federal court has discretion to construe a mislabeled habeas corpus petition as a civil rights action and permit the action to proceed as such …. However, provisions of the [PLRA] may make it inappropriate to construe a habeas petition as a civil rights complaint.").

### III
### Conclusion

For the reasons above, Russell's petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is

**DISMISSED without prejudice** to his ability to re-file this matter as a civil rights action under 42

U.S.C. § 1983. Russell's motion for clarification, Doc. #3, and his motion for hearing, Doc. #4, are

**DENIED as moot**.

**SO ORDERED**, this 28th day of September, 2015.


/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**